1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT FOR THE

7                          EASTERN DISTRICT OF CALIFORNIA

8

9  ALAN DALE JENAN, et al.,      )        No. CV-F-04-6632 REC SMS
                                 )
10              Plaintiffs,      )        ORDER GRANTING DEFENDANTS'
                                 )        MOTION TO DISMISS AND
11         vs.                   )        DENYING PLAINTIFF'S NOTICE
                                 )        OF PENDENCY OF ACTION.
12 BERNARD ALAN TEVELDE, et al., )
                                 )
13              Defendants.      )
                                 )
14 _____)

15        On April 25, 2005, the Court heard a motion to dismiss filed

16 by Defendants Bernard Alan Tevelde and Rebecca Dee Tevelde.  Upon

17 due consideration of the written and oral arguments of the

18 parties and the record herein, the Court GRANTS Defendants'

19 motion as set forth herein.

20 **I.   Relevant Background**

21        On December 1, 2004, Plaintiffs Alan Dale Jenan and Otis

22 Oren Gillis filed a "Verified Complaint for Ejectment, Mesne

23 Profits, and Damages in Law" against Defendants.  On March 10,

24 2005, Plaintiff Jenan was voluntarily dismissed from the case.

25        The facts as set forth in the Complaint are difficult to

26 follow at best.  This action involves the foreclosure sale of

                                    1

property in Tulare County in which Plaintiff Gillis ("Plaintiff")
purportedly has an ownership interest.  While the Court will
confine any decisions involving the facts of the case to those
alleged in the Complaint, in order to present the background of
this case the Court will supplement those facts with information
from other filings.

The dispute between these parties dates back to 1997 and
involves a number of cases in state and federal court.  In sum,
Bank of the Sierra made several loans secured by property
belonging to Roger Lewis Jenan and the Linda Loma Ranch.  Various
foreclosures have taken place through which Defendants purchased
the properties in question.  Plaintiffs or parties connected to
Plaintiffs filed actions in the bankruptcy court in an attempt to
avoid foreclosure and filed various actions in state court
challenging the foreclosure.  These actions alleged fraud on the
part of Defendants and the Bank and sought to quiet title to the
property.  All the cases were dismissed and the state court has
declared Plaintiffs Gillis and Jenan to be vexatious litigants.

Plaintiffs filed various cases in federal court as well, all
of which have been dismissed, CV-F-96-6343 REC DLB, CV-F-01-5465
OWW SMS, and CV-F-04-6615 AWI LJO.

Defendants also sought relief via the state courts and in
1997 obtained a judgment in their favor for unlawful detainer
against Plaintiff Jenan as well as others.

The present action apparently arises from the foreclosure by
Defendants on property located at 4912 S. Santa Fe, Visalia, CA

2

93292, Tulare County Assessor's Parcel Number 126-090-05.  In July 2004, Defendants purchased a series of promissory notes and the corresponding deeds of trust burdening the property.  At the time of the purchase, the notes were in default and the debtors on the note were former Plaintiff Alan Dale Jenan and his brother.  Defendants began foreclosure proceedings and Plaintiffs filed the instant action as well as case number CV-F-04-6615 AWI LJO, in which a motion to dismiss has been granted.

Defendants seek dismissal of the Complaint on the grounds that the Court lacks subject matter jurisdiction, as well as other bases, or, in the alternative, a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  Defendants also suggest that the Court, on its own motion, impose sanctions on Plaintiffs pursuant to Rule 11.

On April 25, 2005, Plaintiff lodged with the Court a notice of pendency of action.

**II.  Discussion**

**A.  Subject Matter Jurisdiction**

**1.  Legal Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a motion to dismiss may be based on a lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A plaintiff must establish that subject matter jurisdiction exists, and the Court begins the inquiry presuming that a case is outside its limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391

3

1  (1994).   Jurisdiction in a federal district court may be based on

2  either a federal question, 28 U.S.C. § 1331, or diversity, 28

3  U.S.C. § 1332.

4       "A motion to dismiss for lack of subject matter jurisdiction

5  may either attack the allegations of the complaint or may be made

6  as a 'speaking motion' attacking the existence of subject matter

7  jurisdiction in fact."  <u>Thornhill Pub. Co. v. General Tel. &</u>

8  <u>Elec. Corp.</u> 594 F.2d 730, 734 (1979).  In the latter case, there

9  is no presumption of truthfulness of the plaintiff's allegations.

10  <u>Id.</u> (quoting <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d

11  884, 891 (3d Cir. 1977)).

12            **2.  Application**

13       The Complaint alleges that subject matter jurisdiction in

14  this case is properly based on 28 U.S.C. §§ 1354, 1338 and 1400;

15  the United States Treaty of Guadalupe Hidalgo; and various acts

16  of Congress relating to public land grants.  The Complaint also

17  lists four issues allegedly involving federal questions.

18       As an initial matter, the Ninth Circuit has held that

19  "[f]ederal land patents and acts of Congress do not provide bases

20  for federal question jurisdiction."  <u>Virgin v. San Luis Obispo</u>,

21  201 F.3d 1141, 1143 (9th Cir. 2000) (per curiam).  The various

22  congressional acts cited by Plaintiff that relate to grants of

23  public land do not provide a basis for subject matter

24  jurisdiction.  Further, Plaintiff's claims do not arise under

25  federal patent laws pursuant to 28 U.S.C. §§ 1338(a) and 1400(b).

26  Plaintiff confuses a "land patent" with a "patent" right.  A

4

1  patent must concern a "new and useful process, machine,

2  manufacture, or composition of matter, or any new and useful

3  improvement thereof."  35 U.S.C. § 101.

4      At oral argument, Plaintiff asserted that his "strongest"

5  basis for federal jurisdiction is 28 U.S.C. § 1354.  Section 1354

6  provides that: "The district courts shall have original

7  jurisdiction of actions between citizens of the same state

8  claiming lands under grants from different states." 28 U.S.C. §

9  1354.  Plaintiff asserts that his grant of land is from the

10 United States and that Defendants' grant is from the state of

11 California.  Plaintiff claims that the District Columbia has been

12 recognized as a state and apparently argues that because Congress

13 is situated in the District of Columbia, Plaintiff's land grant

14 is from a different state.  This argument is frivolous.  Congress

15 acts under the authority of the United States Constitution, not

16 the District of Columbia.  That the building in which Congress

17 operates is physically within the District of Columbia is

18 irrelevant to Congressional authority.  An act or grant by

19 Congress is not an act or grant by the District of Columbia and

20 there can be no assertion that Congress is a state.  Accordingly,

21 section 1354 is inapplicable in this case.

22     The Treaty of Guadalupe Hidalgo, 9 Stat. 922 (1848),

23 formally ended the war between the United States and Mexico and

24 established the Rio Grande river from New Mexico to the Gulf of

25 Mexico as the land boundary between the United States and Mexico.

26 See Summa Corp. V. California ex rel. State Lands Comm'n, 466

5

U.S. 198, 202, 104 S. Ct. 1751, 1754 (1984).  Under the treaty, "the United States undertook to protect the property rights of Mexican landowners at the same time settlers were moving into California in large numbers to exploit the mineral wealth and other resources of the new territory."  Id. at 202 (citing Treaty of Guadalupe Hidalgo, Art. VIII, 9 Stat. 929).

Here, Plaintiff appears to assert that because the United States acquired California from Mexico, the Treaty of Hidalgo applies to all subsequent land grants from Congress.  There is no basis for this assertion.  The treaty specifies that Mexican landowners and their heirs shall enjoy the same rights and protections as citizens of the United States.  9 Stat. 929-930. Congress is not an heir of a Mexican landowner and the Complaint does not allege that Plaintiff is a Mexican landowner or the heir thereof who is eligible for protection under the Treaty of Guadalupe Hidalgo.  Accordingly, the treaty does not provide a basis for federal subject matter jurisdiction.

The four "federal questions" asserted by Plaintiff likewise do not provide a basis for subject matter jurisdiction.  In question one Plaintiff makes a vague reference to the dismissal and appeal that were taken in case CV-F-01-5465, which has no impact on whether this Court has jurisdiction.  In question two Plaintiff challenges the validity of the acts of the Tulare County Superior Court on the grounds that the state court lacked jurisdiction because the property is subject to federal jurisdiction based on various Congressional acts, and 28 U.S.C.

§§ 1338, 1400 and 1354, which, as discussed do not provide a basis for jurisdiction.  To the extent Plaintiff uses the federal buzz words "due process" in framing this question, the Complaint makes no mention of either the Fifth or Fourteenth Amendment and does not purport to make a due process claim.  Question three is relates to the "nature, quality and extent of the title to Plaintiffs' properties," and presents no basis for this Court's jurisdiction.  Question four is based on the land grants and whether it "protects from patent infringement;" as discussed, the patent laws have no relevance in this suit.

Accordingly, because the Court lacks subject matter jurisdiction and because there is no conceivable basis on which subject matter jurisdiction may be based, Defendants' motion to dismiss is GRANTED WITH PREJUDICE.  A court lacking jurisdiction is without authority to rule on the merits of a case, and thus the Court will not address Defendants' alternate arguments.

**B.  Sanctions**

Citing Rule 11 of the Federal Rules of Civil Procedure, Defendants argue that "it is quite clear that Plaintiffs have violated the spirit and purpose of FRCP 11(b).  They have only brought this action, in this court/venue, in an attempt to relitigate previous issues and to annoy, harass and vex TEVELDE." Defs.' Mot. at 8.

Sanctions based on the filing of a complaint may be appropriate where the complaint is "neither well-grounded in fact, nor warranted by existing law, or any good faith argument

7

1   for extension or reversal of existing law." <u>Schutts v. Bently</u>

2   <u>Nev. Corp.</u>, 966 F. Supp. 1549, 1561 (D. Nev. 1997).  Further,

3   "Rule 11 provides for the imposition of sanctions when a motion

4   is frivolous, legally unreasonable, or without factual

5   foundation, or is brought for an improper purpose." <u>Warren v.</u>

6   <u>Guelker</u>, 29 F.3d 1386, 1388 (9th Cir. 1994).  Rule 11 applies to

7   *pro se* litigants, although "the court must take into account a

8   plaintiff's *pro se* status when it determines whether the filing

9   was reasonable." <u>Id.</u> at 1390.

10   A court may also use its inherent power to impose sanctions

11   such as the award of attorneys' fees.  This is appropriate "when

12   a party has acted in bad faith, vexatiously, wantonly or for

13   oppressive purposes." <u>Schutts</u>, 966 F. Supp. at 1561 (citing

14   <u>Chambers v. NASCO</u>, 501 U.S. 32, 45-46, 115 L. Ed. 2d 27, 111 S.

15   Ct. 2123 (1991)); <u>see also</u> <u>Mark Indus. Ltd. v. Sea Captain's</u>

16   <u>Choice, Inc.</u>, 50 F.3d 730, 732 (9th Cir. 1995) (sanctions under

17   court's inherent power may be imposed for "willful abuse of the

18   judicial process or bad faith conduct").

19   Due process requires that before a court imposes sanctions

20   the party to be sanctioned must be given adequate notice of the

21   possibility of sanctions and an opportunity to respond, either in

22   writing or orally. <u>Schutts</u>, 966 F. Supp. at 1562 (citing <u>Pan-</u>

23   <u>Pacific & Low Ball Cable Television Co. v. Pacific Union Co.</u>, 987

24   F.2d 594, 597 (9th Cir. 1993)).

25   The Court will not impose sanctions at this time.  The Court

26   notes, however, that Plaintiff Gillis was provided notice of the

1   possibility of sanctions by Defendants' motion and did not

2   respond in either his opposition or at oral argument.  The Court

3   further notes that should either Plaintiff Gillis or Plaintiff

4   Jenan file further pleadings unwarranted in fact or law, the

5   Court will not hesitate to impose appropriate sanctions.

6       **ACCORDINGLY,** Defendants' motion to dismiss is GRANTED.

7       **FURTHER,** the Complaint is DISMISSED WITH PREJUDICE.

8       **FURTHER,** Plaintiff's notice of pendency of action is DENIED

9   as moot.

10

11  IT IS SO ORDERED.

12  **Dated:  April 25, 2005**                **/s/ Robert E. Coyle**

    ia40ij                                UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

9